IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TOM STANLEY, JR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-619-F |
| ROBERT BALOGH,[1] | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Tom Stanley, Jr., a state prisoner appearing pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his pain (Compl.) [Doc. No. 1]. United States District Judge Stephen P. Friot has referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Defendant Robert Balogh filed the Court-ordered Special Report [Doc. No. 21] and a Motion for Summary Judgment and Brief in Support (Motion) [Doc. No. 36]. Plaintiff thereafter filed three documents challenging the Motion, two entitled "Plaintiff's Respons[e] to Defendant[']s Summary Judgment" [Doc Nos. 37, 38] and one simply entitled "Affidavit of Plaintiff" (Pl.'s Aff.) [Doc. No. 41]. For the reasons set forth below, it is recommended that Defendant's Motion be GRANTED.

### I. Background

Plaintiff is a state prisoner, who at the time he filed his Complaint, was confined at the Joseph Harp Correctional Center. *See* Compl. at 4.[2] Plaintiff says he is a bone cancer patient who

---

[1] In a previous report and recommendation, [*see* Doc. No. 24], the Court corrected the style to reflect the proper spelling of Defendant's name.

[2] Page references to court filings are to the CM/ECF page number.

received opioid medication for his pain until Defendant cancelled his pain medication, resulting in severe pain. *Id.* at 6-7. Plaintiff alleges his cancer progressed such that he "was no longer able to walk due to the pain." *Id.* at 7.

## II. Analysis of Defendant's Summary Judgment Motion

Defendant Balogh seeks summary judgment on two grounds: Plaintiff's nonexhaustion of administrative remedies and failure to establish deliberate indifference under the Eighth Amendment. *See* Motion at 7-13.[3] For the reasons set forth below, it is recommended that the Court grant Defendant's Motion on both grounds.

### A. Standard for Review

Under Rule 56 of the Federal Rules of Civil Procedure, the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Once a moving party shows it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to point out the specific facts that create disputed factual issues. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must present some evidence, other than its initial pleadings, to show that there is more than just a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Celotex,* 477 U.S. at 324 (*quoting* Rule 56(e) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own

---

[3] Defendant also claims entitlement to qualified immunity. *See* Motion at 4-7. Because judgment is warranted on other grounds, the Court need not reach the qualified immunity issue.

affidavits, or by [other evidence] designate 'specific facts showing that there is a genuine issue for trial.'").

To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture, or surmise. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Conclusory allegations will not create a genuine issue of material fact defeating a summary judgment motion. *See L&M Enter. Inc. v. BEI Sensors & Systems Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000). In evaluating a motion for summary judgment, a district court must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. *See Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "However, because at summary judgment we are beyond the pleading phase of the litigation, a plaintiff's version of the facts must find support in the record: more specifically, as with any motion for summary judgment, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." *Id.* (quotations, brackets, and citation omitted).

### B. The Undisputed Facts

According to Defendant, these facts are undisputed:

- Plaintiff was accused of non-compliance with pain medication on December 15, 2015.

- Defendant Balogh thereafter changed Plaintiff's pain medication prescriptions "to pain medication less likely to be abused."

- Plaintiff was prescribed numerous pain medications after December 15, 2015.

- Plaintiff filed "one procedurally deficient grievance regarding a change in medication."

Motion at 2-3.

Plaintiff does not specifically dispute any of these particular facts. [*See* Docs. 37, 38]. However, he does generally allege that "99% of what is said [in the Motion] . . . is not the truth at all." Pl.'s Aff. at 2 (emphasis omitted). Plaintiff also alleges Defendant gave him only "over the counter" pain medication and claims "I did exhaust administrative remedies as required, in fact twice because they hope I'd give up and die." *Id.* But these allegations fail to create a genuine issue of material fact to defeat a summary judgment motion. Plaintiff's "Affidavit" is not signed under penalty of perjury, *see* Pl.'s Aff., *passim*, and contains conclusory and self-serving statements. *See Hall v. Bellmon*, 335 F.2d 1106, 1111 (10th Cir. 1991) ("Material factual disputes cannot be resolved at summary judgment based on conflicting affidavits. To come within the protection of this rule, however, the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." (citations omitted)); *see also, Estrada v. Cook*, 166 F. Supp. 3d 1230, 1238 (D. N.M. 2015) ("an unsworn declaration must be signed 'under penalty of perjury' to have the same force and effect as an affidavit" for purposes of constituting evidence on summary judgment). Further, as discussed more fully below, the record belies Plaintiff's conclusory allegations and thus the Court cannot adopt his version of the facts for purposes of summary judgment. *See Thomson*, 584 F.3d at 1312.

    C.    **Nonexhaustion of Administrative Remedies**

In part, Defendant Balogh seeks summary judgment based on Plaintiff's failure to exhaust his administrative remedies. *See* Motion at pp. 9-14. The Court agrees with Defendant's argument.

The Prison Litigation Reform Act of 1995 (PLRA) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Moreover, exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted); *see also Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient."). Thus, "'[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim.'" *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citation omitted).

### 1. The Administrative Grievance Procedures

To exhaust a claim under the relevant grievance procedures, Plaintiff was first required to attempt informal resolution with a staff member. *See* Special Report, Ex. 11 at 6. If that attempt was unsuccessful, Plaintiff could then file a request to staff (RTS), and, if he remained dissatisfied, a grievance to the facility health services administrator. *See id.*, Ex. 11 at 6-9. Finally, Plaintiff could appeal the grievance results to the Health Services Administrative Review Authority (HSARA). *See id.*, Ex. 11 at 12.

### 2. Plaintiff's Exhaustion Attempt

On February 29, 2016, Plaintiff submitted a RTS to Defendant Balogh requesting to re-start his previous pain medication protocol. *See id.*, Ex. 12 at 2. Plaintiff's request was denied. *See id.* Plaintiff then filed a grievance on March 10, 2016, accusing Defendant Balogh of

5

deliberate indifference and saying "something needs to be done that will stop Dr. Balogh . . . ." *Id.*, Ex. 12 at 3. Prison officials rejected the grievance on March 21, 2016, because it: (1) requested disciplinary action against a staff member; (2) failed to include time frames; and (3) failed to include Plaintiff's ODOC number. *See id.*, Ex. 12 at 4. Rather than correcting the grievance deficiencies, Plaintiff appealed to the HSARA. *See id.*, Ex. 12 at 5. The HSARA rejected the appeal on April 27, 2016, finding: (1) the grievance form was incomplete, lacking Plaintiff's ODOC number and any time frames; (2) the underlying grievance requested disciplinary action against a staff member; and (3) a "'Grievance Decision from Reviewing Authority' report was not completed . . . due to the grievance not being submitted in accordance with policy . . . ." *Id.*, Ex. 12 at 6 (brackets omitted).

3. **Analysis**

The Court should find that Plaintiff did not exhaust his deliberate indifference claim against Defendant Balogh. As demonstrated, the record shows that Plaintiff began the process, but he failed to complete it *properly* so that officials addressed the issue on the merits. And while Plaintiff claims he "twice" "exhaust[ed] administrative remedies," Pl.'s Aff. at 2, he provides no sufficient evidence to support his self-serving statement, *see supra* p. 4, nor does he actually dispute the accuracy of Defendant's evidence on the issue. Accordingly, Defendant Balogh should be granted summary judgment on this issue. *See Gorton v. Miller*, 320 F. App'x 876, 878 (10th Cir. 2009) (affirming the district court's granting of summary judgment to defendant where "the undisputed evidence shows Plaintiff failed to [properly] exhaust his administrative remedies with respect to his claims of medical care").

### D. Lack of Deliberate Indifference

Defendant Balogh also argues that the evidence shows no deliberate indifference to Plaintiff's medical needs. The Court agrees.

#### 1. The Eighth Amendment's Scope

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). In *Farmer*, the Supreme Court held a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828.

Under this governing standard, "'[d]eliberate indifference' involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Regarding the objective component, the "prisoner must first [show] . . . that the deprivation at issue was in fact 'sufficiently serious.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (*quoting Farmer*, 511 U.S. at 834). The subjective component requires a plaintiff to show "the prison official's culpable state of mind" and may be satisfied with allegations the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* So, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Id.* (quotation omitted).

## 2. Analysis

Plaintiff accuses Defendant Balogh of being deliberately indifferent to his severe pain because he "cancel[l]ed" all pain medication. Compl. at 6. But the undisputed evidence shows that after December 15, 2015 (the date Plaintiff's preferred medication was discontinued), Plaintiff received tapered dosages of Morphine, Toradol injections, Naproxen/Naprosyn, Methocarbamol, and Ibuprofen 800 mg. *See* Special Report, Ex. 4 at 2-4, 8; Ex. 5 at 4, 6-8; Ex. 9 at 4; Ex. 13 at 2-3; Ex. 15 at 2; Ex. 16 at 2; Ex. 17 at 2; Ex. 29 at 5-6; Ex. 40 at 1-3.[4] This evidence belies Plaintiff's assertion that he received no medicine, or only over the counter pain medication, and even construed in a light most favorable to Plaintiff, demonstrates Defendant Balogh was not deliberately indifferent to Plaintiff's pain. *See, e.g., Hartz v. Sale*, 687 F. App'x 783, 786 (10th Cir. 2017) (affirming summary judgment where undisputed evidence showed plaintiff received medical treatment and so, on the subjective component, "there was no evidence that defendants disregarded [plaintiff's] medical needs."). And, Plaintiff's "disagree[ment] with [Defendant Balogh's] particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (holding where record reflected inmate received medical treatment – just not the medical treatment he preferred – plaintiff failed to establish deliberate indifference and an Eighth Amendment violation). Under these circumstances, the Court should grant Defendant's motion for summary judgment on Plaintiff's deliberate indifference claim.

---

[4] In September 2016, Plaintiff was again prescribed Neurontin. *See* Special Report, Ex. 39 at 6.

## RECOMMENDATION

The Court should grant Defendant's Motion for Summary Judgment and Brief in Support [Doc. No. 36] based on Plaintiff's nonexhaustion of administrative remedies and failure to demonstrate deliberate indifference in violation of the Eighth Amendment.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 2, 2018. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 11th day of December, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE