# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

|   |   |
|---|---|
| TOM STANLEY, JR., ) ) Plaintiff, ) ) -vs- ) ) ROBERT BALOGH, ) ) Defendant. ) | Case No. CIV-16-0619-F |

## ORDER

This action is brought by plaintiff Tom Stanley, Jr., a state prisoner who proceeds pro se and in forma pauperis under 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to his pain. Magistrate Judge Bernard M. Jones filed a Report and Recommendation on December 11, 2017. Doc. no. 42 (the Report). The Report recommends granting defendant's motion for summary judgment (doc. no. 36) based on plaintiff's non-exhaustion of administrative remedies and his failure to demonstrate deliberate indifference in violation of the Eighth Amendment. Plaintiff also moves for appointment of counsel.

Plaintiff's motion for appointment of counsel (doc. no. 49) is **DENIED**. Nothing suggests that plaintiff is unable to adequately represent himself in this matter.

Before addressing the Report, the court next explains why it construes plaintiff's filings as having objected to the Report although plaintiff has filed no

document entitled as an "objection." To do so, it is necessary to set out some procedural background.

After adopting the Report and entering judgment in favor of the defendant, the court later vacated its order and judgment. Doc. no. 48. It did so because plaintiff submitted two motions which the court construed as an earlier motion for appointment of counsel, and a motion asking the court to vacate its judgment. Doc. nos. 46, 47. The court denied the motion to appoint counsel (doc. no. 46), but granted the motion to vacate (doc. no. 47). It did so because plaintiff stated, and the record confirmed, that plaintiff had never received the Report. The court provided plaintiff with an additional twenty-eight days from the date of that order within which to submit objections to the Report. Doc. no. 48.

After that order was entered on February 2, 2018, plaintiff did not submit any document entitled as an objection to the Report. But plaintiff submitted his renewed motion asking for appointment of counsel (doc. no. 49, the same motion that is denied at the top of this order.) In that motion plaintiff stated that "On December 5th 2017 I sent all I had to help me prove Doctor Balogh was in fact deliberately indifferent to my cancer medical need." Doc. no. 49, p. 1. Plaintiff further stated that "I also sent the court proof that I did in fact exhaust administrative remedies as required, on January 26th 2018." *Id*.

Plaintiff's reference, above, to the materials he sent to the court on December 5, 2017, is a reference to plaintiff's affidavit submitted in response to defendant's motion for summary judgment. Doc. no. 41. That affidavit was received and docketed while this matter was still before the magistrate judge. The Report quotes the affidavit and explains why the affidavit fails to dispute defendant's proposed

2

undisputed facts. Having reviewed that issue de novo, the court agrees with the conclusions of the magistrate judge in that regard.

Plaintiff's reference, above, to the exhaustion-related materials which he sent to the court on January 26, is a reference to doc. no. 47, the motion to vacate already discussed. Relevant here are the exhibits attached to that motion. Doc. no. 47-1, pp. 1-7. The court construes these documents as offered by plaintiff to support an objection to the Report's conclusion that plaintiff indisputably failed to exhaust his administrative remedies. After de novo review of those materials[1] and that issue, the court concludes that nothing submitted by the plaintiff changes the court's agreement with the Report's conclusion that defendant's motion should be granted based on plaintiff's nonexhaustion of administrative remedies.

In short, the court has construed plaintiff's filings liberally as constituting objections to the conclusions of the magistrate judge regarding both nonexhaustion and the failure to demonstrate deliberate indifference. Having conducted de novo review, the court concurs with the recommendations of the magistrate judge as stated in the Report. Given the detailed analysis presented there, no additional analysis is necessary here except to say that although plaintiff's diagnosis is undoubtedly dire and the pain caused by his cancer severe, these circumstances, standing alone, do not amount to an actionable claim under § 1983.

---

[1] To the extent that the administrative materials submitted by the plaintiff relate to plaintiff's grievance against Dr. Balogh, they were already in the record and the Report explains why those materials show nonexhaustion. The other administrative materials relate to a different grievance, no. 16-011, regarding disposition of plaintiff's Request to Staff regarding a nurse's treatment of plaintiff. That grievance was eventually returned to plaintiff unanswered, with the marked reason being "Grievance submitted out of time from date of incident or date of response to the 'Request to Staff.'" Doc. no. 47-1, p. 1 of 7. That grievance named the nurse, not Dr. Balogh.

For the reasons stated in the Report – nonexhaustion of administrative remedies, and plaintiff's failure to demonstrate a triable issue regarding deliberate indifference – defendant is entitled to summary judgment on the claims alleged in this action. The court **ACCEPTS**, **AFFIRMS** and **ADOPTS** the Report. As recommended there, summary judgment is **GRANTED** in favor of defendant Robert Balogh.

IT IS SO ORDERED this 3rd day of April, 2018.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0619p005.docx